Raphael KILLEBREW, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18114.

United States Court of Appeals
Fifth Circuit.

Feb. 26, 1960.

Roy Cook, Kansas City, Kan., for appellant.

Howard C. Walker, Asst. U. S. Atty., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

PER CURIAM.

Appellant seeks relief under 28 U.S. C.A. § 2255. His main insistence is that the indictment charged no crime under the following part of 18 U.S.C.A. § 481:

"Whoever, within the United States except by lawful authority, controls, holds, or possesses any plate, stone, *or other thing*, or any part thereof, *from which has been printed or may be printed any counterfeit note*, bond, obligation, or other security, in whole or in part, of any foreign government, bank, or corporation, or uses such plate, stone, *or other thing*, or knowingly permits or suffers the same to be used in counterfeiting such foreign obligations, or any part thereof * * *." (Emphasis supplied.)

The indictment charged:

"That on or about January 28, 1956, in Bexar County, Texas, within the San Antonio Division of the Western District of Texas, Raphael Killebrew did knowingly and without authority control, hold and possess a thing, to wit: a photographic negative of an obligation of a foreign Government and bank, to wit: one Fifty (50) Peso Note of the Bank of Mexico, Serial Number C 7016925, *from which could be printed a counterfeit note of a foreign Government, to wit, the Government of Mexico.*" (Emphasis supplied.)

The emphasized clause of the indictment alleged as a fact that the photographic negative came within the description of "other thing" as used in 18 U.S. C.A. § 481, and, upon appellant's plea of not guilty, that issue was decided against him by the jury. Compare United States v. Lustig, 3 Cir., 1947, 159 F.2d 798.

██ The judgment and sentence are not subject to collateral attack under Section 2255, *supra*. As has been often emphasized, a Section 2255 motion is a collateral attack on the judgment and not a direct appeal. Only such basic errors as absence of jurisdiction and denial or infringement of constitutional rights can render the judgment subject to collateral attack. Arthur v. United States, 5 Cir., 1956, 230 F.2d 666, 668; Tussy v. United States, 5 Cir., 1956, 239 F.2d 172.

The three subordinate contentions of the appellant do not have enough substance to merit discussion.

█ The appellee insists that appellant is serving a prior sentence and has not yet entered upon service of the sentence in the instant case, and that his motion under Section 2255 is premature. Conceding arguendo the soundness of that position, the question of whether the sentence imposed was illegal on its face, at least where matters dehors the record are not involved, may be inquired into as if this were a motion for relief under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., under which, "The court may correct an illegal sentence at any time." Heflin v. United States, 1959, 358 U.S. 415, 418, 79 S.Ct. 451, 453, 3 L.Ed.2d 407.

The judgment denying the motion is Affirmed.