**Albert Arroyo PALOMINO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18399.**

United States Court of Appeals
Ninth Circuit.

July 16, 1963.

---

**614**

Albert L. Boasberg, San Francisco, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and David R. Nissen, Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

Albert A. Palomino appeals from an order denying his motion, made under 28 U.S.C. § 2255, to vacate consecutive sentences under which he is held in federal custody.

On June 11, 1958, a federal grand jury indictment was returned against Palomino and one Leonard Saldana, charging them in five counts with violations of 21 U.S.C. § 174, relating to the importation, receipt, concealment, purchase, sale or transportation of narcotic drugs.[1] Counts two to five charged them with "knowingly and unlawfully" selling and facilitating the sale of specified amounts of heroin to named individuals on specified dates which drugs, "as the defendants then and there well knew, had been imported into the United States of America contrary to United States Code, Title 21, section 174."

Count one of the indictment charged Palomino and Saldana as follows:

"Prior to April 28, 1958, and continuing to the date of the return of this indictment, the defendants ALBERT ARROYO PALOMINO and LEONARD SALDANA agreed, confederated and conspired together to commit offenses against the United States, as follows: to receive, conceal, sell, and facilitate the transportation, concealment and sale of narcotic drugs in violation of United States Code, Title 21, Section 174.

"The objects of said conspiracy were to be accomplished as follows: defendant ALBERT ARROYO PALOMINO would acquire heroin and would furnish the same to the defendant LEONARD SALDANA; the defendant SALDANA would make arrangements with persons in

[1]. The applicable portion of section 174 reads:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000 * * *."

the Los Angeles and Orange County areas to sell said heroin to said persons and would receive money in exchange for said heroin." [2]

Palomino entered a plea of guilty to count one of this indictment. On June 13, 1961, a judgment of conviction was entered on this plea, and a sentence of imprisonment for fifteen years was imposed. The judgment also contained a provision dismissing, on motion of the Government, counts two, three, four and five.

On the same day Palomino entered a plea of guilty to a federal grand jury indictment charging him with jumping bail, in violation of 18 U.S.C. § 3146. A judgment of conviction was thereupon entered and a sentence of imprisonment for five years was imposed, the sentence to run consecutively to that imposed for the narcotic law violation.

Nearly ten months later Palomino filed his section 2255 motion. He alleged: (1) count one of the indictment charging violations of the narcotic law is fatally defective because it does not contain all the essential elements of the crime intended to be charged, as defined in 21 U.S.C. § 174; (2) since the narcotic law count to which he pleaded guilty is fatally defective and must be dismissed, the bail jumping charge must also be dismissed "because without count one (1) there is no violation of Section 3146, Title 18, U.S.C."

The district court held that these contentions were without merit. On appeal Palomino renews his contention that count one of the narcotic law indictment is fatally defective.[3] Specifically, he argues that this count is deficient because it omits allegations that the narcotic drug was imported contrary to law, that Palomino knew of such illegal importation, and that he fraudulently and knowingly conspired.

Section 174 defines three kinds of offenses, namely: (1) fraudulently or knowingly importing or bringing any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law; (2) receiving, concealing, buying, selling, or in any manner facilitating the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law; and (3) conspiring to commit any of the acts defined in (1) or (2) in violation of the laws of the United States.

Count one, quoted above, charges Palomino with conspiring to commit some of the acts defined in clause 2 of section 174, as summarized above. The precise acts he was charged with having conspired to commit are the receipt, concealment, sale and facilitation of the transportation, concealment and sale of narcotic drugs "in violation of United States Code, Title 21, Section 174."

In order to prove such a charge it is necessary for the Government to prove that the defendant had knowledge of the illegal importation. See Hernandez v. United States, 9 Cir., 300 F.2d 114, 121. This is true because one does not violate section 174 by receiving, concealing, etc., narcotic drugs, unless he knows the same to have been imported or brought into the United States contrary to law.

But the question here is whether an indictment which fails to allege, specifically, that the defendant had knowledge of the illegal importation, but rests on the necessary inclusion of that element by reason of the words "in violation of section 174," must be held fatally defective.

On the authority of Medrano v. United States, 9 Cir., 285 F.2d 23, 26, we conclude that such an indictment is not fatally defective. The count of the indictment involved in Medrano is indistinguishable from that which is here being

2. The concluding paragraph of count one, not quoted above, sets out three alleged overt acts committed in pursuance of the asserted conspiracy.

3. He does not appear to argue, on appeal, that the sentence for bail jumping should be vacated.

challenged.[4] In holding that such a charge is sufficient, this court said:

"The sufficiency of an indictment is to be determined on the basis of practical rather than technical considerations, and it is not the law that to charge conspiracy to commit an offense, all the elements be alleged. * * * " [5]

Palomino argues that Medrano is in direct conflict with the later opinion of this court in Hernandez, referred to above, and that Medrano has therefore been overruled. This is not true. Hernandez was not concerned with the sufficiency of an indictment, but with the elements which the Government must prove when it goes to trial on such a conspiracy count.

Palomino also suggests that the opinion in Medrano does not disclose in what particulars the conspiracy count was alleged to fail to charge an offense, and that therefore in Medrano the court may not have been addressing itself to the question now before us. This is likewise not true. The count under challenge in Medrano is quoted in that opinion (see note 4 herein) from which it can be ascertained that it lacked the same allegations which Palomino here asserts are fatal omissions.

Palomino argues at length that the conspiracy offense defined in section 174 is made a "substantive" offense and is therefore to be distinguished from the general conspiracy statute, 18 U.S.C. § 371 with regard to which a liberal rule of pleading is employed. In both Medrano and Hernandez, and in Stein v. United States, 9 Cir., 313 F.2d 518,

there is language indicating that this court does not regard a conspiracy count under section 174 as a substantive count. We adhere to that view.

Palomino cites United States v. Calhoun, 7 Cir., 257 F.2d 673 and Robinson v. United States, 10 Cir., 263 F.2d 911 in support of his general contention that omission of the indicated allegations renders a section 174 conspiracy count invalid. Both of these decisions were considered by this court in Stein v. United States, 9 Cir., 313 F.2d 518, 521, but we declined to follow them.

In addition to what we there said concerning those decisions it may be noted that both of those cases involved direct appeals following a judgment of conviction rather than collateral attacks under 28 U.S.C. § 2255. We do not know whether the Seventh and Tenth Circuits would hold such indictments so defective as to require dismissal, if challenged collaterally.

■ It is the general rule that an indictment, not questioned at trial or on direct appeal, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. See Fiano v. United States, 9 Cir., 291 F.2d 113, 114. We do not believe that count one of the instant indictment is defective in this sense. All of the essential elements were either alleged or are necessarily to be implied from what was alleged.

We also observe, as was also the case in Stein, that appellant does not con-

4. The questioned count in Medrano read:
"Beginning on or about November 11, 1959, and continuing to December 2, 1959, defendants Juan Jose Medrano, Mario Lopez Covarrubias * * * agreed, confederated and conspired together to commit offenses against the United States, as follows: to sell and facilitate the sale of and to receive, conceal, transport and facilitate the concealment and transportation of heroin, a narcotic drug, in violation of United

States Code, Title 21, Section 174. * * * "

5. See, also, Stein v. United States, 9 Cir., 313 F.2d 518, where a conspiracy count under section 174 alleged that the defendant knowingly and unlawfully received, concealed and transported heroin, which heroin had theretofore been imported and brought into the United States contrary to law, but failed to allege that the defendant knew that the heroin had been illegally imported.

tend that he was misled by the omission of allegations in count one of the indictment, or that he would be unable to use the conviction in bar of a future prosecution for the same offense, or that he was actually prejudiced in any other manner. It should also be noted that if the judgment were vacated, such action would carry with it the provision thereof dismissing counts two, three, four and five. Those counts, which were dismissed following appellant's plea of guilty would then be reinstated.

The judgment is affirmed.