**UNITED STATES of America,
Appellee,**

v.

**Jack SPADA, Petitioner-Appellant.**

**No. 419, Docket 28715.**

United States Court of Appeals
Second Circuit.

Submitted May 12, 1964.

Decided May 15, 1964.

996

R. Harcourt Dodds and James M. Brachman, Asst. U. S. Attys., New York City (Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, on the brief), for appellee.

Jack Spada, appellant, pro se.

Before KAUFMAN and HAYS, Circuit Judges, and BARTELS,* District Judge.

## PER CURIAM.

This is an appeal from an order denying the appellant's *pro se* motion made pursuant to § 2255, 28 U.S.C., to vacate a judgment of conviction.

On September 27, 1961, Spada was indicted under a three-count indictment charging him with violation on August 26 and 29, 1960, and September 19, 1960, of Sections 173 and 174 of Title 21, United States Code, in receiving, concealing, selling and facilitating the trans-

portation, concealment and sale of specified quantities of illegally imported heroin. Upon Spada's plea of guilty to the indictment, he was sentenced on December 26, 1961, on all three counts. On October 24, 1963, nearly a year and ten months later, Spada filed his § 2255 motion alleging that the indictment which was phrased in the words of the statute, was fatally defective in that it failed to set forth (1) the identity of the purchasers; (2) the crimes charged, and (3) the places where the crimes occurred.

It is well settled that an indictment may not be collaterally attacked under § 2255 except for lack of jurisdiction or an infringement of defendant's constitutional rights. Fiano v. United States, 9 Cir., 291 F.2d 113, cert. denied, 1961, 368 U.S. 943, 82 S.Ct. 380, 7 L.Ed.2d 340; Killebrew v. United States, 5 Cir., 275 F.2d 308, cert. denied, 1960, 364 U.S. 841, 81 S.Ct. 79, 5 L.Ed. 2d 65. The test employed is whether the indictment contains sufficient information to enable the defendant to prepare his defense and to plead the judgment as a bar to further proceedings. Martin v. United States, 10 Cir. 1960, 285 F.2d 150, cert. denied, 1961, 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816. A plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects. Lockhart v. United States, 8 Cir. 1961, 293 F.2d 314, cert. denied, 1962, 368 U.S. 1003, 82 S.Ct. 636, 7 L. Ed.2d 541; United States v. Parker, 6 Cir. 1961, 292 F.2d 2. Where, as here, the statute sets forth all the necessary elements to constitute the crime, it is sufficient if the indictment is pleaded in the words of the statute, United States v. Cimino, 2 Cir. 1963, 321 F.2d 500, cert. denied, 1964, 374 U.S. 974, 84 S.Ct. 491, 11 L.Ed.2d 418, and an indictment not questioned at trial or on direct appeal will be upheld unless so defective as to obviously fail to set forth the offense charged. Palomino v. United States, 9 Cir., 318 F.2d 613, cert. denied, 1963, 375 U.S. 932, 84 S.Ct. 335, 11 L.Ed.2d 264. Here

---

* Sitting by designation.

the indictment clearly states the essential elements of the crimes, the dates when they were perpetrated and the fact that they occurred within the Southern District of New York. The names of the buyers need not be mentioned in the indictment. Moreover, since Spada admitted his guilt, it is difficult to comprehend how he can be prejudiced by their absence. If Spada is again charged with the same offense, he will be in a position to set up the bar of double jeopardy. The cases of United States v. Hess, 1888, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516, and Larkin v. United States, 7 Cir. 1901, 107 F. 697, relied upon by Spada are inapposite.

Affirmed.