**UNITED STATES of America,**
**Appellee,**

v.

**Antonio ROSA, Jr., Appellant.**

**No. 203, Docket 29154.**

United States Court of Appeals
Second Circuit.

Argued Dec. 1, 1964.

Decided March 15, 1965.

Howard R. Moskof, Asst. U. S. Atty., New Haven, Conn. (Jon O. Newman, U. S. Atty., New Haven, Conn., on the brief), for appellee.

William W. Wilbourne, III, Westport, Conn., for appellant.

124

Before FRIENDLY and SMITH, Circuit Judges, and BLUMENFELD, District Judge.*

BLUMENFELD, District Judge.

After a jury trial, the appellant was convicted on two counts of an indictment charging violation of a criminal provision of the Narcotics Laws for possession and sale of a narcotic drug knowing the same to have been illegally imported, 21 U.S.C. § 174, and of the Revenue Acts for sale of narcotic drugs not pursuant to a required order form, 26 U.S.C. § 4705(a). He appeals contending that the indictment was fatally defective in that neither count named the purchaser; that it was error to charge the jury on constructive possession; and that there was a failure to prove that he sold a sufficient amount of heroin to sustain a conviction. We affirm his conviction.

■ The indictment named the place and the time when the crimes were perpetrated. The identity of the purchaser was not an element of either offense and it was not error to omit his name. United States v. Spada, 331 F.2d 995 (2d Cir.), cert. denied, 379 U.S. 865, 85 S.Ct. 130, 13 L.Ed.2d 67 (1964); Llamas v. United States, 226 F.Supp. 351 (E.D.N.Y.1963), aff'd per curiam, 327 F.2d 657 (2d Cir. 1964).

■ The instruction complained of must be considered in the framework of the realities of the trial. The witness Scott, a narcotics agent, told the appellant that he had previously bought narcotics from a friend of his who had said she was selling them for the appellant, and that he wanted four bags of narcotics. The appellant replied that he had two bags of narcotics on his person, but could get more. Asking the agent to wait, he left for about five minutes. When he returned, he sold two bags of narcotics to the agent for $10.00.

During his argument to the jury, the appellant's trial counsel told them he

could not understand why Rosa went "upstairs and came back with two bags, if he had two bags in his pocket to begin with." And building on that speculation, he asked the jury to infer "that there was some one upstairs from whom he got those drugs, then that person had possession of them and not Rosa." Yet, if the sufficiency of possession as a foundation for the statutory presumption, 21 U.S.C. § 174, was being discussed, it was not inappropriate that it be legally defined. The portion of the instruction on this issue, which the appellant challenges for the first time on this appeal[1] was as follows:

"The possession of narcotics, from which the inference of knowledge of illegal importation arises, is not restricted to ownership of the drug. Nor is it confined to having the drug physically in hand. Rather, the test is whether the person has the actual dominion or control, *or the power to exercise such dominion or control,* over the narcotic drugs. If such test is met, possession is established.
* * * "

While the italicized phrase would have been relevant only to the criminal responsibility of the "some one upstairs," the charge did not present the spectre of two alternative grounds for Rosa's possession, as in Erwing v. United States, 296 F.2d 320 (9th Cir. 1961), upon which the appellant relies, where one was abstracted simply as "constructive possession." Since the proof of actual possession was not even controverted, the inclusion in the charge of a concise phrase defining constructive possession was harmless. See Williams v. United States, 328 F.2d 256, 260–261 (8th Cir.), cert. denied, 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964).

■ The appellant also attacks the conviction on the ground that the government failed to prove that the narcotics sold was sufficient in amount to have ad-

[1]. See Rule 52(b) Fed.R.Crim.P. United States v. Monica, 295 F.2d 400 (2d Cir. 1961), cert. denied, 368 U.S. 953, 82 S.Ct. 395, 7 L.Ed.2d 386 (1962).

dictive potential. Quantitatively, only a small amount of the brownish powder in the two small glassine bags was needed to activate the Markey reagent field test performed by Agent Scott. And the more exhaustive qualitative tests performed by the chemist, who testified that the substance in the bags contained heroin hydrochloride, required the use by him of only a small part of the brown powder. Yet these were not mere traces, gleaned from the residue of an emptied bag found in the appellant's possession only adequate for chemical analysis; rather, they were small portions out of two bags of fungible brown powder which the appellant had sold for $5.00 per bag to someone who wanted to buy narcotics. The proof was sufficient to sustain the conviction.

The court expresses its appreciation to Mr. William W. Wilbourne, III, appellant's assigned counsel, for his zealous and able presentation of the issues both in brief and on argument.

Affirmed.