**Frank SIRICO, Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 496, Docket 29257.**

United States Court of Appeals
Second Circuit.

Submitted July 26, 1965.

Decided July 27, 1965.

Frank Sirico, pro se.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, New York City, on the brief (Pierre N. Leval, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE, HAYS and ANDERSON, Circuit Judges.

PER CURIAM.

Frank Sirico was indicted on six counts, five for concealing, selling, etc., heroin in the Southern District of New York on five different days between March 26 and April 23, 1958, in violation of 21 U.S.C. §§ 173–174. The sixth count was a conspiracy count. In 1958 Sirico, represented by counsel, pleaded not guilty and trial was begun. After conferring with counsel, he withdrew his plea and changed it to guilty on all counts. He was sentenced as a second felony offender to 14½ years on each count, to run concurrently. In 1960 he moved under 28 U.S.C.A. § 2255 to withdraw his guilty plea and to vacate judgment and sentence. The motions were denied. Applications for leave to appeal *in forma pauperis* were denied by the District Court and by this court. In 1964 Sirico again moved under § 2255 to vacate the judgment and sentence. This motion was also denied, and from that order Sirico appeals.

 Sirico's only argument is that the indictment did not sufficiently inform him about the nature of the accusation because it failed to specify the precise place and circumstances of the offenses, including the identity of the recipients of the narcotics. Precisely the same indictment was upheld by us against the same charge in United States v. Spada, 331 F.2d 995 (2d Cir.), cert. denied, 379 U.S.

865, 85 S.Ct. 130, 13 L.Ed.2d 67 (1964); see United States v. Cimino, 321 F.2d 509, 512 (2d Cir. 1963), cert. denied, 375 U.S. 974, 84 S.Ct. 491, 11 L.Ed.2d 418 and *sub nom.* D'Ercole v. United States, 375 U.S. 967, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964). The claim of prejudice is without merit. Represented by counsel, Sirico pleaded guilty, without even seeking a bill of particulars; and, the indictment is sufficiently clear to provide a bar for double jeopardy purposes. The name of the purchaser is not essential under 21 U.S.C.A. §§ 173–174, see United States v. Rosa, 343 F.2d 123, 124 (2d Cir. 1965). Compare United States v. Lauer, 321 F.2d 187, 191 (7th Cir. 1963), with Clay v. United States, 326 F.2d 196, 198–199 (10th Cir. 1963), cert. denied, 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050 (1964); United States v. Dickerson, 337 F.2d 343, 346–348 (6th Cir. 1964).

Affirmed.