**UNITED STATES of America**

v.

**Jerry Lee DIXON.**

**Crim. No. HM77–0564.**

United States District Court, D. Maryland.

March 14, 1978.

---

9.   Emphasis in the original.

Russell T. Baker, Jr., U. S. Atty., David Dart Queen, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Charles G. Bernstein, Michael Schatzow, Asst. Federal Public Defenders, Baltimore, Md., for defendant.

HERBERT F. MURRAY, District Judge.

Defendant was indicted on two counts for violation of the fourth paragraph of section 474 of Title 18 which states:

Whoever has in his control, custody, or possession any plate, stone, or other thing in any manner made after or in the similitude of any plate, stone, or other thing, from which any such obligation or other

security has been printed, with intent to use such plate, stone, or other thing, or to suffer the same to be used in forging or counterfeiting any such obligation or other security, or any part thereof; . . . Shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both.

The United States presented all facts by stipulation. The facts establish that defendant had in his possession photographic negatives of the front and the back of a ten dollar federal reserve note. The negatives could not be used to print currency directly but defendant intended to use the negatives in a counterfeiting process.

After submission of the stipulated facts, defendant moved for a judgment of acquittal and asserted two arguments in support thereof. First, defendant contended that the government had the burden to show that the negatives possessed by defendant had been used to print a note. The government did not offer such proof and could not have done so because the negatives had not been used to print any notes. To support his contention, defendant argued that the clause "from which any such obligation or other security has been printed" in section 474 modifies the first reference to "plate, stone, or other thing" in section 474, rather than the second such reference as contended by the government.

Defendant's contention would result in an interpretation of the statute which would require that the "plate, stone, or other thing" possessed by defendant be one "from which any such obligation or other security has been printed." The government, on the other hand, contended that the clause modifies the second reference such that the object in defendant's possession must be one "made after or in the similitude of any plate, stone, or other thing" and the latter object must be one "from which any such obligation or other security has been printed."

Both parties admit that the legislative history does not aid in the interpretation of the statute's meaning and that the case law is not helpful. Defendant urged that be-

cause a comma separates the disputed modifying clause from the clause immediately preceding it, the rules of grammar indicate that it does not modify the clause immediately preceding it as the government contended.

If the construction urged by defendant made sense, the court perhaps would be persuaded by the grammatical argument, but defendant's reading of the fourth paragraph of section 474 renders it meaningless. Accepting defendant's theory, the object possessed is modified by two phrases which are independent of each other. First, the object possessed must have been used to print security obligations. Secondly, the object possessed,—the "plate, stone, or other thing"—must itself be one which was "made after or in the similitude of any plate, stone, or other thing." This second phrase, when not considered to be modified by the phrase "from which any such obligation or other security has been printed" is meaningless as a modifier.

It is equally possible that the phrase "in any manner made after or in the similitude of any plate, stone, or other thing" modifies only the possession of an object which is an "other thing." The statute would still be meaningless under defendant's construction. The statute would require defendant to be in possession of an object, and if the object were not a plate or stone, but was an "other thing", as it is in this case, that other thing must be made "after or in the similitude of a plate, stone, or other thing." Again, the failure to qualify this last phrase makes it meaningless as a modifier to the object possessed.

■■■ Because the court does not find that the statute would have any meaning if defendant's interpretation of the modifying clause were adopted, the court rejects defendant's contention. The court holds that the clause "from which any such obligation or other security has been printed" modifies the language which immediately precedes it. In light of this construction, the government did not have the burden to show that the photographic negatives which defendant possessed had been used to print securi-

ty obligations. Moreover, because the court has determined that defendant's proposed construction of the statute is completely untenable, the court does not have to address the question of whether the statute is ambiguous such that it should be interpreted leniently in defendant's favor. *See United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

To further support his motion for judgment of acquittal, defendant also argued that possession of a photographic negative does not constitute a violation of section 474 as interpreted by the government. Defendant's argument was twofold: first, defendant contended that a photographic negative is not "made after or in the similitude" of an object from which a security was printed, and secondly, defendant argued that a photographic negative cannot be a "thing" as that word is used in section 474.

■ The court rejects defendant's argument that the negatives were not in the similitude of a plate from which currency would be produced. Defendant argued that the negatives were in the similitude of a bill, not the plate from which the bill was produced. The court does not view the concept of similitude to be as limited as defendant urged such that negatives which are in the similitude of an actual bill could not be in the similitude of a plate from which the bill was produced as well. Although the negatives and the plate are of a different material, the picture of the negative and the impressions in the plate correspond completely. The complete correspondence of the design portrayed in the negatives and on the plate is sufficient to have the negatives be made after or in the similitude of a plate: the two have a visual likeness.

■ Defendant also argued that the negatives cannot be "things" within the meaning of section 474. Defendant reasoned that the two words preceding the word "thing", "plate" and "stone", create a category which would not include photographic negatives. Defendant is in effect relying on the doctrine of statutory construction known as *ejusdem generis* which provides that the meaning of general terms which follow a list of specific terms is limited to matters similar to those specified. *See United States v. Powell*, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975). Defendant argues that the terms "plate" and "stone" create a category of objects which are used in the final stage of printing counterfeit money. The court rejects defendant's interpretation as too narrow. To the extent that the terms "plate" and "stone" create a category such that the doctrine of *ejusdem generis* would apply, the category includes all objects which can be used in counterfeiting. There is no indication that the statute was intended to be limited to objects which are used in the final stage of printing currency or that the terms "plate" and "stone" create such a limitation. Moreover, the decision of the Third Circuit in *United States v. Lustig*, 159 F.2d 798 (3d Cir. 1947), *rev'd on other grounds*, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949), and of the Fifth Circuit in *United States v. Killebrew*, 275 F.2d 308 (5th Cir. 1960) do not require a different result. In *Lustig*, the court stated that the term "thing" "fairly includes all devices by which counterfeit currency can be made." 159 F.2d at 801.

■ At oral argument, defendant argued that a classification which included all items which could be used in counterfeiting would create an overly broad category which would include many items the possession of which should not be prohibited. Defendant's argument ignores the fact that the statute has elements in addition to the requirement that the object be capable of use in counterfeiting. First, the object must be in the similitude of an object from which currency has been printed. This limitation would prevent inclusion of such items as an undeveloped role of film mentioned by defendant at oral argument. Also, defendant must have possessed the object with the intent to use it to counterfeit. The requirement that the government prove these two elements to obtain a conviction sufficiently prevents the statute from being overbroad.

In summary, having rejected defendant's arguments that the statute required that the government prove that the item possessed had been used to print obligations, that the negatives were not in the similitude of plates from which currency had been printed, and that the negatives were not "things" within the meaning of section 474, the court denies defendant's motion for judgment of acquittal.