UNITED STATES of America, Appellee,

v.

**Jerry Lee DIXON, Appellant.**

No. 78–5129.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 17, 1978.
Decided Dec. 8, 1978.

---

Gerald M. Richman, Asst. Federal Public Defender, Baltimore, Md. (Charles G. Bernstein, Federal Public Defender, and Michael Schatzow, Asst. Federal Public Defender, Baltimore, Md., on brief), for appellant.

David Dart Queen, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

Upon a stipulation that he possessed photographic negatives of the front and obverse of a ten dollar federal reserve note which he intended to use in a counterfeiting process, Jerry Lee Dixon was convicted of a violation of 18 U.S.C. § 474. The pertinent portion of that section renders criminally culpable:

> Whoever has in his control, custody, or possession any plate, stone, or other thing in any manner made after or in the similitude of any plate, stone, or other thing, from which any such obligation or other security has been printed, with intent to use such plate, stone, or other thing, or to suffer the same to be used in forging or counterfeiting any such obligation or other security, or any part thereof . . . .

Defendant appeals, asserting that a violation of § 474 was not established because a photographic negative is not a "thing" within the proscription of the statute, and even if a "thing," the negatives were not shown to have been used to produce counterfeit currency. We affirm.

Defendant's argument that a photographic negative is not a thing proceeds from the premise that, in accordance with the doctrine of *ejusdem generis*, "plate" and "stone" as used in the statute create a category which does not include photographic negatives since counterfeit currency cannot be printed directly from them. We reject the argument. We agree with the decision in *United States v. Lustig*, 159 F.2d 798 (3 Cir. 1947), *rev'd on other grounds*, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949), which considered the predecessor of present § 474 and held that the words "plate" and "stone" do not imply that "other things" must be metallic or heavy or elaborate but rather "the intent of the statute fairly includes all devices by which counterfeit currency may be made." 159 F.2d at 801. Since it was stipulated that the negatives could be used as part of the overall process of the manufacture of counterfeit currency, we think that this test was

satisfied and they were "things" within the meaning of the statute.

 We do not construe § 474 to require proof that the "thing" possessed must have been used to print counterfeit currency before a conviction under the statute can be sustained. We reject defendant's argument that the phrase "from which any such obligation or other security has been printed" modifies the first reference to "plate, stone, or other thing" rather than the second such reference. For the reasons assigned by the district court, such a construction would render the statute meaningless.

In short, we rely on and adopt the opinion of the district court. *United States v. Dixon*, 446 F.Supp. 236 (D.Md.1978).

*AFFIRMED.*