**UNITED STATES of America**

v.

**Salvatore VITALE, et ano., Defendant.**

**No. SSS 81 Cr. 803 (RWS).**

United States District Court, S.D. New York.

May 5, 1986.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Warren Neil Eggleston, Asst. U.S. Atty., of counsel), for U.S.

Stanley A. Teitler, P.C., New York City (Stanley A. Teitler, Amy Adelson and Richard H. Levenson, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Defendant Salvatore Vitale ("Vitale") has moved pursuant to Fed.R.Crim.P. 12(b)(2) for dismissal of his indictment as facially insufficient as it fails to charge the obstruction of justice predicate to the alleged violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (hereinafter "RICO") with sufficient specificity. A review of the obstruction of justice charge demonstrates, however, that the indictment satisfies the particularity requirements of Rule 7(c), Fed.R.Crim.P. Vitale's motion is denied.

**Prior Proceedings**

On March 23, 1985, counsel for Vitale made a pretrial motion to dismiss the obstruction of justice predicates of the indictment, charging that the indictment was insufficient on its face as it failed to allege essential facts underlying the obstruction charge, that the government would be unable to prove these obstruction charges, and that the entire indictment would have to be dismissed if the obstruction predicate was stricken, as the remaining alleged predicate acts occurred outside the relevant RICO statute of limitations. By opinion of April 15, 1985, 605 F.Supp. 1565 (S.D.N.Y. 1985), this court denied Vitale's "omnibus" motion to dismiss the indictment, stating *inter alia* that Vitale's motion failed to challenge the facial validity of the indictment. *Id.* The court also granted Vitale's request for a bill of particulars from the government, identifying the person whom Massino and Vitale allegedly endeavored to counsel to avoid the grand jury subpoena. The government successfully appealed the dismissal of the indictment based on the

inadmissibility of certain electronically intercepted communications.

At a pretrial conference on February 26, 1986, Vitale was granted leave to resubmit this motion challenging the facial validity of the indictment, and oral argument was heard on March 28, 1986.

**Discussion**

The challenged indictment charges defendants Joseph Massino ("Massino") and Vitale in two counts with violating the RICO substantive and RICO conspiracy statutes, 18 U.S.C. § 1962(c) and (d) respectively. The government alleges in its indictment that Vitale committed three predicate acts of racketeering: (1) the hijacking of a truck containing canned tuna fish in May, 1975; (2) the hijacking of a truck containing frozen seafood on or about December 31, 1976; and (3) obstruction of justice in or about September, 1981.

The obstruction of justice predicate contained in paragraph 5 provides:

It was part of the pattern of racketeering activity that in or about September, 1981, in the Eastern District of New York and elsewhere, that the defendants, Joseph Massino, a/k/a "Joseph Messina," a/k/a "Joseph Massina," a/k/a "Joey," and Salvatore Vitale, a/k/a "Sally," unlawfully, wilfully and knowingly would and did corruptly endeavor to influence, obstruct and impede the due administration of justice in that the defendants would and did corruptly endeavor to counsel another person to avoid service of a grand jury subpoena, in violation of Title 18, United States Code, Section 1503.

Vitale contends that this obstruction of justice charge must be dismissed because it fails to specify the crime which Vitale has allegedly committed; and if the obstruction charges are stricken, the RICO indictment will be legally insufficient.

Specificity in an indictment has a threefold purpose: to ensure that the accused is apprised of the nature of the charge lodged against him as is required by the Sixth Amendment, to prevent the possibility of subjecting the defendant to double jeopardy in violation of the Fifth Amendment, and to guarantee the Fifth Amendment's requirement that defendants are not held "to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." *United States v. Abrams*, 539 F.Supp. 378, 384 (S.D.N.Y.1982); *see also Russell v. United States*, 369 U.S. 749, 765–66, 82 S.Ct. 1038, 1047–48, 8 L.Ed.2d 240 (1962). It is apparent from the text of the obstruction charge, the papers submitted in connection with this motion, and the representations of counsel at oral argument that this indictment meets the relevant Second Circuit specificity standards. The Second Circuit has repeatedly held that an indictment need only track the language of the statute, and, if necessary to apprise the defendant of the nature of the accusation against him, state the time and place of the alleged criminal activity in approximate terms. *U.S. v. Bagaric*, 706 F.2d 42, 61 (2d Cir.), *cert. denied*, 464 U.S. 840, 104 S.Ct. 134, 78 L.Ed.2d 128 (1983); *United States v. Mayo*, 705 F.2d 62, 78 (2d Cir.1983). The obstruction charge against Massino and Vitale lists the approximate time period of the alleged offense and its general location, the nature of the conduct charged ("to counsel another person to avoid service of a grand jury subpoena"), and the statute alleged to have been violated. The details provided in the indictment concerning obstruction do more than just track the statute, contrary to what Vitale has alleged.

Although Vitale contends that the absence of any detail about the means by which the alleged obstruction was accomplished and the absence of any "precision" as to the criminal investigation being obstructed makes the indictment insufficient to withstand a Rule 12(b)(2) challenge, these are not elements of the obstruction charge and need not be discussed in the indictment. *United States v. Stratton*, 779 F.2d 820, 826 (2d Cir.1985) (an indictment alleging illegal sale of narcotics need not specify the identity of the recipient or the precise place and circumstances of the of-

fense because these items are not essential elements of the offense) *citing Sirico v. United States,* 350 F.2d 310 (2d Cir.1965). To hold otherwise in this instance would be contrary to the settled law of this Circuit and would ignore the fact that the three-fold purposes behind the particularity requirements have been met in this case. Vitale is fully aware of the nature of the charges against him and his counsel prepared a thorough series of motions on the same obstruction charge in March, 1985. Vitale obtained full discovery of the government's materials, including the granting of Vitale's request for a bill of particulars specifying the name of the person allegedly prevented from appearing as a grand jury witness by this court's opinion of April 12, 1985, 605 F.Supp. at 1582.[1] Counsel for Vitale clearly knows the substance of the government's obstruction charge, as evidenced by his repeated reference at oral argument on March 28, 1986 to the government's taped conversation of the alleged obstruction plan, and he will shortly be apprised of the person allegedly coerced. Vitale cannot therefore assert that trial preparation was hindered by a lack of knowledge of the accusations against him. *See, e.g., United States v. Weiss,* 491 F.2d 460, 466 (2d Cir.), *cert. denied,* 419 U.S. 833, 95 S.Ct. 58, 42 L.Ed.2d 59 (1974) (defendants were sufficiently apprised of the charge in the obstruction of justice count to enable them to prepare a defense).

While Vitale relies on two cases from this district, *United States v. Goldberg,* 587 F.Supp. 302 (S.D.N.Y.1984), *rev'd on other grounds,* 756 F.2d 949 (2d Cir.1985), *cert. denied,* —— U.S. ——, 105 S.Ct. 2706, 86 L.Ed.2d 721 (1985); and *United States v. Abrams,* 539 F.Supp. 378 (S.D.N.Y.1982)

to support his claim that the obstruction predicate is lacking in required detail, a review of the insufficiencies of the counts challenged in these two cases demonstrates that the obstruction of justice counts at issue are sufficient.

In *United States v. Goldberg, supra,* 587 F.Supp. 302, the defendant challenged an obstruction of justice count which listed only the date of the alleged offense and its commission in the Southern District of New York, and which precisely tracked the language of 18 U.S.C. § 1503. In dismissing this charge, the court held that the count of the indictment was "constitutionally infirm" as it failed to allege "some facts to alert the accused to the conduct specifically in issue." *Id.* at 310. In contrast, the obstruction count against Vitale and Massino specifically alleges that the offending conduct was counseling "another person to avoid service of a grand jury subpoena," and provides the general time and place of the alleged obstruction of justice. Vitale cannot claim, as the Honorable Whitman Knapp observed in *Goldberg* that "... the government has done *absolutely* no more than track the language. The indictment would have been just as informative if it had alleged that on October 24, in the Southern District of New York, defendant David Goldberg violated Title 18, United States Code, section 1503." *Id.* at 310 n. 7 (emphasis in original).

The court's opinion in *United States v. Abrams, supra,* 539 F.Supp. 378, is similarly unhelpful to Vitale's claim that the indictment is insufficiently detailed. In *Abrams* the two obstruction of justice counts in the indictment were dismissed pursuant to the Indictment Clause of the Fifth Amendment with the following observation about the challenged counts:

---

1. While counsel for Vitale correctly notes that "a bill of particulars cannot save an invalid indictment," *Russell v. United States, supra,* 369 U.S. at 769–770, 82 S.Ct. at 1050–51, the bill of particulars in this instance is not an "amplification" of charges which are constitutionally infirm, *see United States v. Goldberg,* 587 F.Supp. 302, 310 n. 8, as the obstruction count at issue

here meets the specificity requirements of the Second Circuit. The issue of the bill of particulars is discussed to demonstrate counsel's adequate ability to defend against the obstruction of justice counts at issue, and the protection which the bill provides against double jeopardy. *Russell v. United States, supra,* 369 U.S. at 764, 82 S.Ct. at 1047.

They do not name the persons alleged to have been prevented from communicating to federal authorities, they do not identify the criminal statutes to which the obstructed information pertained. Nor do they detail any of the alleged acts of bribery or misrepresentation, or identify with any precision the criminal investigators involved. While the absence of any one of these factual elements alone might not be a basis for finding the counts insufficient, ... the effect of all these factors considered together requires that these counts be dismissed.

*Id.* at 385 (citations omitted).

These two counts were thus dissimilar to those in the case at bar because they identified only a broad stretch of time, nine and twenty-four months, and did not specify what type of federal investigation was being obstructed. The Vitale indictment isolates one time period, September, 1981, and provides the information that the obstruction was aimed at preventing a witness from responding to the subpoena of a grand jury.[2] By identifying the offending episode the government has provided significantly more information than was present in the *Abrams* indictment. Furthermore, the *Abrams* court focused on the "broad" approximation of time as contrary to Fifth Amendment protections, *Id.* at 386, a concern not present here as the specific month and year were identified.

Because the Vitale indictment satisfies the dictates of the Fifth and Sixth Amendments and meets the Second Circuit's standards for specificity in the indictment, Vitale's motion to dismiss the obstruction of justice counts is denied. The court therefore need not reach any conclusion as to the hypothetical sufficiency of the indictment absent these obstruction predicates.

IT IS SO ORDERED.

2. Vitale claims that the indictment should have described, among other things, whether the grand jury was a state or federal body. This claim is incorrect in light of the Second Circuit's recent opinion in *United States v. Ardito*, 782 F.2d 358 (2d Cir.1986), which held that in an obstruction of justice charge brought pursuant to 18 U.S.C. § 1503, the government need not establish that the defendants knew the proceedings which they intended to disrupt were federal in nature. *Id.* at 363.