George William DAVIS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13369.

United States Court of Appeals
Sixth Circuit.

March 13, 1958.

George B. Boston, Bowling Green, Ky. (Rodes K. Myers, Bowling Green, Ky., on the brief), for appellant.

William B. Jones, Louisville, Ky. (J. Leonard Walker, Charles M. Allen, Louisville, Ky., on the brief), for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The indictment in this case charged that the appellant and two codefendants did "wilfully * * * conspire * * * and agree together and with each other to commit certain acts made offenses against the United States of America by Section 5691, Title 26 United States Code, to-wit, carry on the business of retail liquor dealers, and said defendants did commit acts to effect the object of said conspiracy." Four overt acts on the part of the two codefendants were set out. Section 371, Title 18 U.S.Code. Following trial by jury and verdict of guilty, the appellant received a sentence of two years imprisonment and $1,000 fine, followed by this appeal.

Appellant contends that the indictment fails to charge an offense against the United States in that it is not an offense under Federal statutes to carry on the business of a retail liquor dealer, which is all that the indictment charges. In order for it to be an offense it is necessary under Section 5691, Title 26 U.S. Code, that it be accompanied by a wilful failure to pay the special tax as required by law. The failure to pay the tax is not specifically charged in the indictment.

■■ It is settled law that in order for an indictment to be valid it must allege all of the elements which are necessary to constitute a violation of the statute. But in an indictment for conspiring to commit an offense, in which the conspiracy is the gist of the crime, it is not necessary to allege with technical precision all of the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment for committing the substantive offense. Certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary. Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545; Williamson v. United States, 207 U.S. 425, 447–449, 28 S.Ct. 163, 52 L.Ed. 278; Sandroff v. United States, 6 Cir., 158 F.2d 623, 624–625; Rose v. United States, 9 Cir., 149 F.2d 755, 758; Ladner v. United States, 5 Cir., 168 F.2d 771, 773.

■ Appellant disregards the fact that the indictment in the present case contains more than the allegation that defendants conspired to "carry on the business of retail liquor dealers." Prior to that allegation the indictment charges that the defendants conspired to commit certain acts "made offenses against the United States of America by Section 5691, Title 26 United States Code." This reference to a specific section of the statutes was sufficient to meet the test that the indictment must sufficiently apprise the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, that the record show with accuracy to what extent he may plead a former acquittal or conviction. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; United States v. Debrow, 346 U.S. 374, 378, 74 S.Ct. 113, 98 L.Ed. 92. See also: Kempe v. United States, 8 Cir., 151 F.2d 680, 684; United States v. Goldberg, 8 Cir., 225 F.2d 180, 183, 185; Contreras v. United States, 5 Cir., 213 F.2d 96; Reynolds v. United States, 5 Cir., 225 F.2d 123, 125.

■ Appellant also contends that the evidence was insufficient to take the case to the jury or to sustain the verdict, in that it was entirely circumstantial and showed no more than association of the appellant with his codefendants without direct proof of any participation on his part in the alleged conspiracy. Reliance is placed upon United States v. Di Re, 332 U.S. 581, 593–594, 68 S.Ct. 222, 92 L.Ed. 210, and upon a rule stated in some of the cases that where the Government's evidence is circumstantial, in order to support a conviction it must be such as to exclude every reasonable hypothesis other than that of guilt.

However, the evidence showed more than mere association with appellant's codefendants. Certain sharply critical statements made by him to his codefendants about sales of whiskey made by them to ill-chosen customers indicated his knowledge of what his codefendants were doing and his interest in the joint project, and were sufficient to take the case to the jury on the issue of conspiracy. Appellant's motions for a directed verdict of not guilty at the close of the Government's case and at the close of all the evidence in the case were properly overruled.

With respect to the weight to be accorded to circumstantial evidence, the Supreme Court ruled in Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150, that circumstantial evidence is intrinsically no different from testimonial evidence, in that both types

of evidence may in some cases point to a wholly incorrect result, thus making it necessary for the jury to weigh the probabilities through the use of its experience with people and events. The Court said that although there was some support for the rule that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt, the better rule was that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence was confusing and incorrect. The ultimate, controlling test is whether the jury is convinced of the defendant's guilt beyond a reasonable doubt. Adopting this view of the weight to be given to circumstantial evidence, we are of the opinion that the evidence was sufficient to sustain the verdict.

The judgment is affirmed.