**Betty ROBINSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5962.**

United States Court of Appeals Tenth Circuit.

Jan. 26, 1959.

Raymond W. Weaver, Jr., Denver, Colo., for appellant.

John S. Pfeiffer, Asst. U. S. Atty., for Dist. of Colo., Denver, Colo. (Donald E. Kelley, U. S. Atty., for Dist. of Colo., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

PER CURIAM.

Appellant stands convicted upon the first count of a ten count indictment charging her and others with the unlawful trafficking in narcotics. Although not raised in the trial level, contention is now made that the indictment fails to state a public offense, is consequently fatally defective, and that the voiding of all proceedings resulting in appellant's conviction is now required. We reluctantly agree to such necessity.

**912**

An indictment charging an offense under 21 U.S.C.A. § 174 [1] must allege that the accused knew that the contraband was imported or brought into the United States contrary to law. The instant indictment fails to make this essential allegation [2] and thus fails to state a public offense. We are in accord with the views of the Seventh Circuit expressed in United States v. Calhoun, 257 F.2d 673, that the defect cannot be considered as an obvious technicality nor disregarded under Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. as "harmless error."

Reversed with instructions to dismiss the indictment.

PHILLIPS, Circuit Judge (dissenting).

Where an indictment charges a conspiracy to commit an offense against the United States, the offense which is the object of the conspiracy need not be charged with that degree of particularity necessary where commission of the substantive offense, itself, is charged.[1]

Here, the indictment, in my opinion, sufficiently described and identified the substantive offense which the appellants were conspiring to commit to apprise the appellant adequately of the charge against her and to enable her to plead double jeopardy if she should thereafter be charged with the same offense.

I would affirm.

James Miller; Blair Jones, also known as Robert Jones; James G. Burley, also known as Gerald Burley; Betty Robinson, also known as Betty Burley; Margery Ann Davidson, and divers other persons to the grand jury unknown, did knowingly, wilfully, unlawfully and feloniously combine, conspire, confederate and agree to fraudulently and knowingly receive, conceal, transport and sell narcotic drugs, to-wit, heroin, after the heroin is imported and brought into the United States contrary to law, in violation of 21 U.S.C. § 174."

1. "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *"

2. "The grand jury charges:
"That during the period from on or about the 1st day of April, 1957, to on or about the 18th day of October, 1957, at Nogales, Republic of Mexico, Tucson, Arizona, El Paso, Texas, Albuquerque, New Mexico, Denver, Colorado, and elsewhere, James W. Lewis, also known as Jimmy Six, also known as

1. Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545; Thornton v. United States, 271 U.S. 414, 423, 46 S.Ct. 585, 70 L.Ed. 1013; Williamson v. United States, 207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278; Davis v. United States, 6 Cir., 253 F.2d 24, 25; Brayton v. United States, 10 Cir., 74 F.2d 389, 390; Green v. United States, 8 Cir., 28 F.2d 965; Nicholson v. United States, 8 Cir., 79 F.2d 387, 389.