Fred STEIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18137.

United States Court of Appeals
Ninth Circuit.

Dec. 13, 1962.

Fred Stein, in pro. per.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, and David R. Nissen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and SOLOMON, District Judge.

SOLOMON, District Judge.

The principal issue in this case is whether a conspiracy count in an indictment is void for want of an allegation of an essential element of the substantive offense.

Appellant filed a motion under 28 U.S.C.A. § 2255 to vacate a judgment of conviction and sentence based upon a violation of the federal narcotics law. From an order denying his motion, he appeals.

Appellant was indicted on six counts for trafficking in unlawfully imported narcotics in violation of 21 U.S.C.A. § 174. Count I alleged conspiracy, and the other five counts alleged substantive offenses. The jury found appellant guilty

of the conspiracy count and of four of the five substantive counts. By reason of prior narcotics convictions, appellant was sentenced to prison terms totaling 50 years. He appealed, and we affirmed, 271 F.2d 895 (9 Cir., 1959). Certiorari was denied, 362 U.S. 950, 80 S.Ct. 860, 4 L.Ed.2d 868 (1960).

Appellant then filed a motion under 28 U.S.C.A. § 2255 to vacate the judgment of conviction and sentence, in which he alleged in substance that: (1) Count I (the conspiracy count) of the indictment was fatally defective for want of an allegation of an essential jurisdictional element of the offense, namely, knowledge of the unlawful importation of narcotics; (2) Count I, being fatally defective, the evidence received thereon which materially affected the substantive counts, was illegally received and necessarily invalidated the verdict on the substantive counts; and (3) Appellant's absence during a conference between the Court and counsel violated his constitutional rights to be present at all stages of his trial and invalidated the trial proceedings. None of these grounds were claimed by appellant in his appeal from his conviction.

The trial judge denied the motion without a hearing, on the ground that the motion and the files and records of the case conclusively showed that appellant was not entitled to any relief. In this Court, appellant reasserts the same grounds of invalidity asserted in the court below.

Count I alleges in substance that appellant conspired with several unindicted co-conspirators to violate the provisions of the United States Code, Title 21, Section 174, by knowingly and unlawfully receiving, concealing and transporting heroin, which heroin had theretofore been imported and brought into the United States contrary to law. A number of overt acts were alleged, but this count, unlike the substantive counts, failed to allege that the appellant knew that the heroin had been illegally imported.

Appellant does not contend that the indictment failed to inform him fully of the nature of the charge asserted against him, or that he was prejudiced in preparing his case, or that he would be unable to use the conviction in bar of a future prosecution for the same offense, or that the Court failed properly to instruct the jury concerning the necessity of appellant's knowledge of the illegal importation.

Appellant contends that regardless of any prejudice to him, the indictment is fatally defective and will not support a judgment of conviction. In our opinion, there is no merit in this contention.

In 1872, Congress responded to widespread criticism against the rigidity of common law rules relating to criminal pleading, which permitted guilty persons to escape conviction through mere imperfections in pleading, and enacted the following statute:

"[N]o indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." 17 Stat. 198.

The substance of this Act was preserved in Rule 52(a) of the Federal Rules of Criminal Procedure:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

By its Rule 7(c), the Federal Rules of Criminal Procedure sought to eliminate the technical, prolix forms of indictment by substituting a short statement in simple English which would adequately inform the accused of the charge against him. Even before the adoption of the Federal Rules of Criminal Procedure, the courts liberally construed indictments which were attacked after a verdict. Hagner v. United States, 285 U.S. 427, 52 S. Ct. 417, 76 L.Ed. 861 (1932), involved a mail fraud; the indictment failed to allege that the defendants "did 'cause [the letter] to be delivered by mail according to the directions thereon' ", in accordance with the provisions of the statute. The

court, in holding the indictment sufficient, stated:

"Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." 285 U.S. 433, 52 S. Ct. 419, 420, 76 L.Ed. 861.

■ Here there was a failure to allege that the accused had knowledge that the heroin had been illegally imported. But heroin may not be imported into the United States legally, and no crude opium, of which heroin is a derivative, "may be imported or brought in for the purpose of manufacturing heroin." 21 U.S.C.A. § 173.

By Section 174 of Title 21, proof of possession of a narcotic drug by the defendant "shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." In other words, proof of mere possession permits a jury to infer knowledge of illegal importation, and a finding of such knowledge is practically required when possession of heroin is shown.

In our view, Count I is sufficient for the reason that all of the essential elements are either alleged or necessarily implied. Hagner v. United States, supra; Hopper v. United States, 9 Cir., 1944, 142 F.2d 181. See also Stapleton v. United States, 9 Cir., 1958, 260 F.2d 415.

■ Moreover, unlike the indictment for a substantive offense, "it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, Williamson v. United States, 207 U.S. 425, 447 [28 S.Ct. 163, 52 L.Ed. 278] or to state such object with the detail which would be required in an indictment for committing the substantive offense, * * *. In charging such a conspiracy 'certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary.' * * * ".

Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 301, 302, 71 L.Ed. 545 (1927).

Wong Tai is the leading case on the sufficiency of conspiracy indictments. Like the present appeal, it involved a conspiracy to traffic in narcotics; the indictment was sustained against an attack of vagueness.

We have followed the rule enunciated in Wong Tai in many cases. Schino v. United States, 9 Cir., 1954, 209 F.2d 67; cert. denied 347 U.S. 937, 74 S.Ct. 627, 98 L.Ed. 1087 (1954); Steiner v. United States, 9 Cir., 1956, 229 F.2d 745; cert. denied 351 U.S. 953, 76 S.Ct. 845, 100 L.Ed. 1476; rehearing denied 352 U.S. 860, 77 S.Ct. 24, 1 L.Ed.2d 70 (1960); Medrano v. United States, 9 Cir., 1961, 285 F.2d 23; cert. denied 366 U.S. 968, 81 S.Ct. 1931, 6 L.Ed.2d 1258; rehearing denied 368 U.S. 872, 82 S.Ct. 64, 7 L.Ed.2d 73 (1961); Williamson v. United States, 9 Cir., 1962, 310 F.2d 192.

In Steiner, the substantive counts, as well as the conspiracy count, charged the illegal importation of psittacine birds in violation of 18 U.S.C.A. § 545 with knowledge that such importation was contrary to law. Each count "failed to state what law (other than 18 U.S.C.A. § 545) the importation mentioned therein was contrary to, or in what respect such importations were contrary to such law." 229 F.2d 747. The court set aside the convictions on all substantive counts on the ground that they failed to charge offenses against the United States, but affirmed the conviction on the conspiracy count on the authority of Wong Tai.

In Medrano, the count alleging conspiracy to violate 21 U.S.C.A. § 174 was less specific than Count I in the present case and likewise failed to allege knowledge of the unlawful importation of heroin. We sustained validity on the ground that:

"The sufficiency of an indictment is to be determined on the basis of practical rather than technical considerations, and it is not the law that to charge conspiracy to commit an

offense, all the elements be alleged."
285 F.2d 26.

In Williamson, appellant contended that an indictment was defective which charged that marijuana was imported "contrary to law" without specifying the respect in which the importation was illegal. An attempt was made to distinguish Wong Tai on the ground that the importation of heroin is absolutely forbidden whereas the importation of marijuana is not. The court rejected this distinction, relying on Steiner v. United States, supra, in which there was no statute forbidding the importation of the merchandise involved.

Appellant apparently relies on our recent decision in Hernandez v. United States, 9 Cir., 1962, 300 F.2d 114, and on two cases from other circuits, Calhoun v. United States, 7 Cir., 1958, 257 F.2d 673, and Robinson v. United States, 10 Cir., 1959, 263 F.2d 911.

Hernandez is not in point. There was no question about the sufficiency of the indictment, which charged that the defendants trafficked in heroin which they knew had been imported contrary to law. The question was one of proof. There the Court of Appeals noted: "The [trial] court found that neither illegal importation of the heroin nor personal knowledge by the defendant that the heroin was illegally imported had been proved. The court further found that it had not been proved that the defendant personally had either physical possession of the heroin or power to control it. The court found that 'the conspiracy to violate 21 U.S.C. § 174 [21 U.S.C.A. § 174] charged in count 1 of the indictment was not proved.'" 300 F.2d 116. Judge Browning, who also wrote the opinion in Williamson v. United States, supra, held that the presumption of guilt which flows from proof of possession could not be invoked against a defendant who was not a conspirator and who had neither personal physical custody of the heroin nor control over it.

Calhoun and Robinson each involved a conspiracy to violate 21 U.S.C.A. § 174. In Calhoun the court declared an indictment fatally defective which failed to allege unlawfulness of the knowing importation of narcotics. In Robinson the majority of the court, in a short per curiam opinion on the authority of Calhoun, held that knowledge by the accused that the narcotic had been unlawfully imported was an essential allegation and that without such allegation the indictment failed to state a public offense.

We disagree with these two cases since, in our opinion, they are in conflict with the modern views of the nature and purpose of an indictment. In addition, they are contrary to the rule laid down by the United States Supreme Court [1] and by a number of circuits,[2] including our own,[3] concerning the requirements of an indictment based upon a conspiracy.

1. Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Williamson v. United States, 207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278 (1908); Thornton v. United States, 271 U.S. 414, 423, 46 S.Ct. 585, 70 L.Ed. 1013 (1926).

2. United States v. Offutt, 1942, 75 U.S. App.D.C. 344, 127 F.2d 336, 339; Freedman v. United States, 1 Cir., 1933, 64 F.2d 661, 662; cert. denied 290 U.S. 642, 54 S.Ct. 60, 78 L.Ed. 557 (1933); United States v. Switzer, 2 Cir., 1958, 252 F.2d 139, 142; cert. denied 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366; rehearing denied 358 U.S. 859, 79 S.Ct. 16, 3 L.Ed.2d 93 (1958); Hanks v. United States, 4 Cir., 1938, 97 F.2d 309, 311; Schnautz v. United States, 5 Cir.,

1959, 263 F.2d 525, 530; cert. denied 360 U.S. 910, 79 S.Ct. 1291, 3 L.Ed.2d 1260 (1959); Davis v. United States, 6 Cir., 1958, 253 F.2d 24, 25; Galatas v. United States, 8 Cir., 1935, 80 F.2d 15, 17; cert. denied 297 U.S. 711, 56 S.Ct. 574, 80 L.Ed. 998 (1935).

3. Williamson v. United States, 1962, 310 F.2d 192; Medrano v. United States, 9 Cir., 1961, 285 F.2d 23, 26; cert. denied 366 U.S. 968, 81 S.Ct. 1931, 6 L.Ed.2d 1258; rehearing denied 368 U.S. 872, 82 S.Ct. 64, 7 L.Ed.2d 73 (1961); Steiner v. United States, 9 Cir., 229 F.2d 745, 747; cert. denied 351 U.S. 953, 76 S.Ct. 845, 100 L.Ed. 1476; rehearing denied 352 U.S. 860, 77 S.Ct. 24, 1 L.Ed.2d 70 (1960).

Having found that Count I adequately alleged a conspiracy to violate 21 U.S.C.A. § 174, it is unnecessary to consider appellant's second specification of error, which is predicated upon our invalidating such count.

 Finally, appellant contends that he was deprived of his constitutional right to be present at all stages of his trial. Specifically, he asserts that he was not present at a conference between court and counsel. At this conference were played recordings of incriminatory conversations between appellant and his co-conspirators, one of whom had worn a concealed recording device. The Government sought to introduce these recordings to corroborate testimony of co-conspirators and Government agents. The Court sustained appellant's counsel's objections to the recordings and, in addition, struck the Government agents' testimony concerning the contents of the recordings. Appellant contends that he should have been present to advise his counsel on the authenticity of the recordings and to determine whether they would have aided his defense, established his innocence, and impeached the testimony of his co-conspirators. This contention is also without merit.

The presence of a defendant must bear a reasonably substantial relationship to the opportunity to defend. The Constitution does not assure "the privilege of presence when presence would be useless, or the benefit but a shadow." Snyder v. Com. of Massachusetts, 291 U.S. 97, 106, 54 S.Ct. 330, 78 L.Ed. 674 (1934). Moreover, the error, if any, was not so prejudicial as to invalidate a judgment of conviction on a Section 2255 proceeding. Appellant had ample opportunity to raise this objection in the appeal from his original conviction. United States v. Gore, D.C.Ky.1955, 130 F.Supp. 117. See also Kendrick v. United States, 102 U.S. App.D.C. 296, 252 F.2d 860, cert. denied 357 U.S. 938, 78 S.Ct. 1388, 2 L.Ed.2d 1552, No. 709, Misc. (1958). Appellant cited two cases subsequent to Gore, both of which are inapposite: Evans v. United States, 6 Cir., 1960, 284 F.2d 393, was decided on direct appeal and involved prejudicial acts within the presence of the jury; Kyle v. United States, 2 Cir., 1961, 297 F.2d 507, involved new evidence of the Government's wilful prejudicial conduct.

The District Court properly denied without a hearing appellant's motion under 28 U.S.C.A. § 2255.

Affirmed.