**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph MIXON and Vera Hamilton,
Defendants-Appellants.**

**Nos. 16979, 16980.**

United States Court of Appeals
Sixth Circuit.

Feb. 27, 1967.

Ivan Barris, Detroit, Mich., Joseph W. Louisell, Detroit, Mich., on brief, for appellants.

Milton J. Trumbauer, Jr., Asst. U. S. Atty., Detroit, Mich., Lawrence Gubow, U. S. Atty., Detroit, Mich., on brief, for appellee.

Before EDWARDS, Circuit Judge, Mc-ALLISTER, Senior Circuit Judge and WEINMAN,* District Judge.

WEINMAN, District Judge.

After certain motions for severance were sustained, defendants Ralph Mixon and Vera Hamilton,[1] were tried by a jury for conspiracy to violate the narcotics law, 21 U.S.C. § 174.[2] Count 1 of the two count indictment (Count 2 of the indictment did not pertain to either of these defendants) charged that these defendants and other named defendants and co-conspirators

"did unlawfully, wilfully, knowingly and feloniously conspire, combine, confederate and agree together, and with others to the Grand Jury presently unknown, to commit an offense against the United States of America and the laws thereof, in violation of Section 174, Title 21, U.S.C., to-wit: To unlawfully and knowingly import and cause to be imported, heroin, into the United States of America and to unlawfully and knowingly receive, conceal, buy, sell and facilitate the transportation and concealment of heroin, after said heroin had been imported or brought into the United States of America, contrary to law."

The jury found the defendants Mixon and Hamilton guilty as charged, after which defendant Mixon received a sentence of 10 years imprisonment and defendant Hamilton received a sentence of 5 years imprisonment.

■ In this appeal, the defendants urge two grounds for reversal, the first being that the indictment was fatally defective in that it failed to set forth one of the essential elements of the offense as provided in 21 U.S.C. § 174, namely, knowledge on the part of the defendants that the heroin had been imported or brought into the United States contrary to law.

In support of their argument, defendants rely upon Robinson v. United States, 263 F.2d 911 (10 Cir.1959) and United States v. Calhoun, 257 F.2d 673 (7 Cir. 1958); whereas the government relies upon Stein v. United States, 313 F.2d 518 (9 Cir.1962) and Davis v. United States, 253 F.2d 24 (6 Cir.1958).

It is true that the cases cited by defendants support their position and if this Court were to follow the law as stated in those cases a reversal would be required.[3] However, in Stein v. United States, supra, 313 F.2d at page 521, the Court of Appeals for the Ninth Circuit,

---

* Carl A. Weinman, Chief Judge, United State District Court for the Southern District of Ohio, sitting by designation.

1. The appellants in this Court, Ralph Mixon and Vera Hamilton, will be designated as they were in the District Court, as defendants.

2. Omitting the specification of penalty, 21 U.S.C. § 174, reads as follows:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned * * *

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

3. In Robinson v. United States, supra, 263 F.2d at p. 912 the Court stated:

"An indictment charging an offense under 21 U.S.C.A. § 174 must allege that the accused knew that the contraband was imported or brought into the United States contrary to law. The instant indictment fails to make this essential allegation and thus fails to state a public offense. We are in accord with the views of the Seventh Circuit expressed in United States v. Calhoun, 257 F.2d 673, that the defect cannot be considered as an obvious technicality nor disregard under Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S. C.A. as 'harmless error.'" [Footnotes omitted].

after considering each of the foregoing cases, stated:

"Calhoun and Robinson each involved a conspiracy to violate 21 U.S.C.A. § 174. In Calhoun the court declared an indictment fatally defective which failed to allege unlawfulness of the knowing importation of narcotics. In Robinson the majority of the court, in a short per curiam opinion on the authority of Calhoun, held that knowledge by the accused that the narcotic had been unlawfully imported was an essential allegation and that without such allegation the indictment failed to state a public offense.

"We disagree with these two cases since, in our opinion, they are in conflict with the modern views of the nature and purpose of an indictment. In addition, they are contrary to the rule laid down by the United States Supreme Court and by a number of circuits [citing Davis v. United States, supra, among others] including our own, concerning the requirements of an indictment based upon a conspiracy." [Footnotes omitted].

In Davis v. United States, supra, decided by this Court, defendant was convicted of conspiring with co-defendants to carry on the business of retail liquor dealers with his co-defendants without payment of a special tax as required by law. The indictment charged that defendant and two co-defendants did

"wilfully * * * conspire * * * and agree together and with each other to commit certain acts made offenses against the United States of America by Section 5691, Title 26 United States Code, to-wit, carry on the business of retail liquor dealers, and said defendants did commit acts to effect the object of said conspiracy."

This Court rejected defendant's argument that the indictment failed to charge an offense because it did not specifically charge that defendants conspired to carry on the business without paying a special tax as required by law. The Court stated, 253 F.2d at page 25:

"It is settled law that in order for an indictment to be valid it must allege all of the elements which are necessary to constitute a violation of the statute. But in an indictment for conspiring to commit an offense, in which the conspiracy is the gist of the crime, it is not necessary to allege with technical precision all of the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment for committing the substantive offense. Certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary. * * *

"Appellant disregards the fact that the indictment in the present case contains more than the allegation that defendants conspired to 'carry on the business of retail liquor dealers.' Prior to that allegation the indictment charges that the defendants conspired to commit certain acts 'made offenses against the United States of America by Section 5691, Title 26 United States Code.' This reference to a specific section of the statutes was sufficient to meet the test that the indictment must sufficiently apprise the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, that the record show with accuracy to what extent he may plead a formal acquittal or conviction." [Citations omitted].

In the case here on appeal, Count 1 of the indictment did recite the statute by code number and this Court adheres to its position, as quoted above in *Davis*, that such a reference to the specific section of the statute is sufficient.[4]

---

4. With respect to the question of how specific an indictment must be, see United States v. Dickerson, 337 F.2d 343 (6 Cir. 1964) wherein this Court held that an indictment charging defendant with violating a statute prohibiting the sale of marihuana except on presentation of an order form was not fatally defective on the the-

The second ground for reversal which defendants urge is that the District Judge committed plain error within the meaning of Rule 52(b), Federal Rules of Criminal Procedure, in the handling of the portion of the charge which dealt with imputation of possession by one conspirator to another and the portion of the charge which stated the presumption contained in 21 U.S.C. § 174 i.e., that when "the defendant is shown to have or have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

After the District Judge had charged the jury, he conferred with counsel, and then called the jury back and further instructed them. One of the additional instructions, given at the request of the Government, pertained to the above quoted presumption. Defendants argue that the giving of the general charge of imputation as to co-conspirators, coupled with the giving of the statutory presumption charge, where the jury was not further advised that the possession required to satisfy the statutory presumption was a personal possession, actual or constructive, rather than vicarious or imputed, constituted plain error.

In other words, defendants argue that the manner in which the foregoing portions of the charge were given permitted the jury to impute possession from one defendant to a second defendant after which the jury could infer that the imputed possession gives rise to a presumption of knowledge of the second defendant that heroin which he had never possessed had been illegally imported. In support of this argument defendants cite Jefferson v. United States, 340 F.2d 193 (9 Cir.1965) and United States v. Hernandez, 290 F.2d 86 (2 Cir.1961) and 300 F.2d 114 (2 Cir.1961).

It is true that the cases cited by defendants stand for the proposition that possession by a conspirator cannot be imputed to a second conspirator for the purpose of establishing knowledge by the second conspirator of unlawful importation under Section 174. However, accepting the law as stated in those cases, we do not find error in the District Court's charge because a fair reading of the entire charge does not permit the jury to commit the error of which defendants complain.

Before the District Judge gave his additional instructions to the jury he told them that he had called them back because he had neglected to give them some additional instructions. He then cautioned them that they were not to place any more emphasis on these additional instructions than on those previously given. He reminded them that, as he had previously stated, they were to consider all of the instructions as a whole and were not to single out one instruction alone as stating the law.

The foregoing, in addition to the Judge's instruction that the jury was to give separate and personal consideration to the case of each individual defendant,[5] renders the law as stated in the *Jefferson* and *Hernandez* cases inapplicable to the facts in this case.

Finding no reversible error in the record before us, the judgments of the District Court are affirmed.

---

ory it failed to inform defendant of the nature and cause of the accusation, even though it alleged that the sale had been made to a "certain person" without naming that person.

5. This portion of the charge, fully stated, reads as follows:
"It is your duty to give separate and personal consideration to the case of each individual defendant. When you do so, you should always analyze what the evidence shows with respect to that individual, leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants. Each defendant is entitled to have his own case determined from his or her own acts and statements and the other evidence in the case which may be applicable to either him or her."