Kenneth Jordan BROWN, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25545.

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1968.

Rehearing Denied Jan. 6, 1969.

Joseph C. Shaffer, Carl E. F. Dally, Briscoe, Dally & Shaffer, Houston, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Morton L. Susman, U. S. Atty., Ronald J. Blask, Malcolm R. Dimmitt, Asst. U. S. Attys., Houston, Tex., for appellee.

Before BELL and SIMPSON, Circuit Judges, and ROBERTS, District Judge.

ROBERTS, District Judge:

Appellant was indicted, with three other persons, on a four-count indictment charging (1) conspiracy to conceal and facilitate the transportation and concealment of heroin after it had been imported contrary to law; (2) the importation of heroin in violation of 21 U.S.C. § 174 (1964); (3) the violation of this same statute by concealment and transportation of illegally imported heroin; and (4) the purchase of heroin in violation of 26 U.S.C. § 4704 (1964). After entering a plea of not guilty, appellant was tried alone before a jury and was found guilty on all four counts. On the first three counts he was sentenced to fifteen years imprisonment to be served concurrently with a ten year sentence on count four.

■ Appellant contends that count one of the indictment was fatally defective because it omits a fundamental element of the offense under 21 U.S.C. § 174—knowledge by the defendant that the heroin had been imported into the United States contrary to law. The pertinent part of count one charged appellant with conspiring to "knowingly conceal and facilitate the transportation and concealment of heroin * * * after it had been brought into the United States contrary to law in violation of 21 U.S.C. § 174." Appellant contends that this indictment is fatally defective because it fails to allege that he knew of the illegal importation of the drug. We find this contention is without merit.

■ The fundamental purpose of an indictment—to inform the defendant of the charges against him so that he may adequately defend against them—is met by this indictment. Moreover, an indictment for conspiracy to commit a criminal offense need not spell out the elements of that offense in the same particularity that would be required from an indictment of the substantive offense. Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545. See also, United States v. Mixon, 6 Cir., 1967, 374 F.2d 20; Davis v. United States, 6 Cir., 1958, 253 F.2d 24; Stein v. United States, 9 Cir., 1962, 313 F.2d 518.

■■ Appellant argues as a second basis for reversal that the trial judge erred in charging the jury that they could impute to appellant the possession of heroin by a co-conspirator. We find this contention to be without merit. The prosecution's theory in this case clearly was based on appellant's actual possession of the heroin, and not on possession imputed to him. The evidence indicates that appellant was in physical possession of the heroin. The heroin was handed to appellant in Victoria, and he carried it to the automobile where the heroin was found at his feet at the time of arrest. Furthermore, since no objection was made before the jury retired, appellant must show that the error alleged was plain error affecting his substantial rights. Knapp v. United States, 5 Cir., 1962, 311 F.2d 71. Appellant clearly did not make this showing here.

■ Appellant's third contention for reversal is that the trial judge erred in overruling a motion to suppress evidence obtained through an unlawful arrest and subsequent search and seizure. We disagree. There was abundant evidence to support the trial judge's conclusion that there was sufficient probable cause to justify the arrest and that therefore the search incident to a lawful arrest was valid. At the time of the arrest, the arresting officers had before them, in a nutshell, the following reasons to suspect that a crime was being committed: information from an informer that appellant was attempting to obtain a quantity of heroin from a certain supplier; the reputation of appellant and the supplier as dealers in narcotics; the facts of appellant's prior arrests for possession of narcotics; identification of a known courier; appellant's trip to McAllen, his stop at Victoria, his earlier exploratory trip, and his meeting with two Latin-Americans; the identification of the parked car as belonging to the courier;

and the handing over to appellant of a brown package. These circumstances were sufficient to supply the necessary ingredient of probable cause and justify the agents in thinking that a felony was being committed in their presence.

The fourth ground for reversal offered by appellant is that the trial judge erred in not granting his motion for continuance based on possible prejudice from pretrial publicity. The reason for appellant's motion for continuance was newspaper publicity on the case that alleged a previous criminal conviction of appellant, later shown to be untrue. The trial judge on voir dire asked the jury panel whether any members recalled having read the articles in question. Appellant contends that the possible prejudice from such publicity outweighed the small inconvenience of moving the trial to another district or postponing it until the effect of this publicity could have been diminished and that therefore the trial judge erred in not granting the motion for continuance.

We disagree. There was no "reasonable likelihood" that prejudicial news prior to trial prevented a fair trial. While we are sensitive to the due process implications of pretrial publicity, we refuse to see prejudice where none has been revealed. The publicity in question was not of the magnitude necessary to require us to assume that prejudice was done; nor was there any evidence of prejudice. Appellant's contention that there might have been prejudice is not enough.

Appellant's fifth point of error is that the trial judge erred in admitting inadmissible hearsay against appellant. Hearsay is a statement made by an unavailable declarant and offered for the truth of the matter in the statement. The writing in question here was not hearsay. It was a handwritten note found on appellant containing the name, "Ramon", and a telephone number. The prosecution offered the note to show knowledge by appellant of one Ramon, who may or may not have been Ramon Delano, an associate of the alleged supplier of the heroin. Thus, this note was offered as evidence of an illegal conspiracy.

Finally, although the point was not fully developed in brief or oral argument, appellant appears to attack the constitutionality of the statutory presumption[1] of guilt based on possession of heroin. This presumption has been previously attacked in this Court and found constitutional. Thomas v. United States, 5 Cir., 1967, 372 F.2d 252. We do not disturb that holding.

Affirmed.