**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clifford BRANAN, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fred Jackson FRITTS, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Olen Lee HENDON, Defendant-
Appellant.**

**Nos. 71–1263–71–1265.**

United States Court of Appeals,
Sixth Circuit.

March 31, 1972.

B. Bruce Guthrie, Chattanooga, Tenn. (Court Appointed), for appellants Branan and Hendon.

B. Stewart Jenkins, Chattanooga, Tenn. (Court Appointed), for appellant Fritts.

Robert E. Simpson, Knoxville, Tenn. (John L. Bowers, Jr., U. S. Atty., George H. Garrett, Asst. U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before WEICK, EDWARDS and KENT, Circuit Judges.

KENT, Circuit Judge.

On May 12, 1965, a Grand Jury sitting in the Eastern District of Tennessee, returned a Five-Count Indictment against a total of five individuals (not all of whom were included in each Count), among whom were the three appellants in this case.

After jury trial each of the appellants was found guilty as charged. By an order entered on November 6, 1970, this Court reversed the convictions and remanded the cases for a new trial. A second trial was held commencing on January 7, 1971, and on January 12, 1971 the jury returned a verdict finding each of the defendants guilty of the offense charged in Count I; the appellant Branan innocent, and the appellant Hendon guilty of the offense charged in Count II; the appellant Hendon innocent, and the appellant Branan guilty of the offense charged in Count III; and the appellant Fritts guilty of the offense charged in Counts IV and V. From these convictions this appeal is taken.

The appellants raise several issues with respect to the indictment which was returned against them and also claim errors in the trial judge's conduct of the trial. The appellants claim that the language of Count I, the conspiracy count, is so broad that they were not sufficiently informed of the nature of the offense charged in Count I of the Indictment. We do not find it necessary to consider the effect of a second trial upon the claimed ignorance of the appellants as to the offense charged in Count I. Rule 7(c), Fed.R.Crim.P., 18 U.S.C.A., requires:

"The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *."

The motion upon which the appellants rely is very short. It states:

"Come now the above defendants and move the court to dismiss the indictment."

The brief in support of the motion contains no authorities and recites only:

"* * * a conviction under the indictment would not pose as a bar to further prosecution of criminal actions vaguely alleged in same.

It does not succinctly advise the defendants what they are called upon to defend, nor the particular times they may be called upon to account for their whereabouts."

The appellant Fritts did not file a written motion but the trial judge gave him the benefit of the motion filed on behalf of the other two appellants.

This Court has carefully considered the language of Count I of the Indictment and concludes that it was at least adequate to inform the appellants of the charges against them and to prevent any possibility of double jeopardy. As stated by the United States Supreme Court in Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 301, 71 L.Ed. 545 (1927):

It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, Williamson v. United States, 207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278, or to state such object with the detail which would be required in an indictment for committing the substantive offense, Thornton v. United States, 271 U.S. 414, 423, 46 S.Ct. 585, 70 L.Ed. 1013; Jelke v. United States (C.C.A.7), 255 F. 264, 275; Anderson v. United States (C.C.A.8), 260 F. 557, 558; Wolf v. United States (C.C.A.7), 283 F. 885, 886; Goldberg v. United States (C.C.A.8), 277 F. 211, 213. In charging such a

conspiracy "certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary." Williamson v. United States, supra, 207 U.S. 447, 28 S.Ct. 163; Goldberg v. United States, supra, 277 F. 213.

In Davis v. United States, 253 F.2d 24 (6th Cir. 1958), this Court considered an indictment charging a conspiracy. Speaking at 253 F.2d 25, the Court stated:

■ Appellant disregards the fact that the indictment in the present case contains more than the allegation that defendants conspired to "carry on the business of retail liquor dealers." Prior to that allegation the indictment charges that the defendants conspired to commit certain acts "made offenses against the United States of America by Section 5691, Title 26 United States Code." This reference to a specific section of the statutes was sufficient to meet the test that the indictment must sufficiently apprise the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, that the record show with accuracy to what extent he may plead a former acquittal or conviction. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; United States v. Debrow, 346 U.S. 374, 378, 74 S.Ct. 113, 98 L.Ed. 92. See also: Kempe v. United States, 8 Cir., 151 F.2d 680, 684; United States v. Goldberg, 8 Cir., 225 F.2d 180, 183, 185; Contreras v. United States, 5 Cir., 213 F.2d 96; Reynolds v. United States, 5 Cir., 225 F.2d 123, 125.

And see also United States v. Mixon, 374 F.2d 20 (6th Cir. 1967). It is clear that the indictment in the instant case meets the test established in *Davis*. We do not find that the allegations in any Count of the Indictment are vague as claimed in the motion filed by the appellants, and no motion for a bill of particulars was ever made. We are in accord with the language of the Court in Cefalu v. Unit-

ed States, 234 F.2d 522, 524 (10th Cir. 1956):

> And the further accepted general rule is that if the indictment charges in general language all of the essential elements of the offense with sufficient certainty that it is not open to attack on the ground of being fatally infirm but fails to inform the accused with sufficient particularity of the charges against which he will have to defend at the trial, the remedy is to move for a bill of particulars. Billingsley v. United States, 8 Cir., 16 F.2d 754; O'Neill v. United States, 8 Cir., 19 F.2d 322.

> Accord: Adams v. United States, 375 F.2d 635 (10th Cir. 1967).

■ A further objection to the Indictment by appellants Hendon and Branan was first raised on this appeal. They point out that Counts II and III of the Indictment lack any allegation of the location where the alleged offenses were committed. In a multiple count indictment each count must be considered as a separate indictment for purposes of ascertaining its sufficiency. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); United States v. Russo, 335 F.2d 299 (7th Cir. 1964); United States v. Andreadis, 366 F.2d 423 (2nd Cir. 1966). Rule 7(c), Fed.R. Crim.P., contains no requirement that any *jurisdictional statement must appear* in the indictment. This is in sharp contrast to the requirement of Rule 8(a), Fed.R.Civ.P.

■ There can be no question about the right of a person charged with crime to be tried in the forum (venue) in which the crime is alleged to have been committed. Article III, § 2, Constitution of the United States; Sixth Amendment, Constitution of the United States; Rule 18, Fed.R.Crim.P. This venue right may be waived. Earnest v. United States, 198 F.2d 561 (6th Cir. 1952); and see also United States v. Choate, 276 F.2d 724 (5th Cir. 1960) and Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

There can be no question about the obligation of the Government to establish proper venue in a criminal prosecution. As stated in United States v. Jones, 174 F.2d 746, 748 (7th Cir. 1949):

> "One of the things the Government has the burden of proving is venue. It is an essential part of the Government's case. Without it, there can be no conviction."

The Courts which have considered the issue are in accord. United States v. Provoo, 215 F.2d 531 (2nd Cir. 1954); Hill v. United States, 284 F.2d 754 (9th Cir. 1960); United States v. Budge, 359 F.2d 732 (7th Cir. 1966), and the Courts have not hesitated to reverse a conviction where the Government failed to prove venue. Cain v. United States, 12 F.2d 580 (8th Cir. 1926); Brightman v. United States, 7 F.2d 532 (8th Cir. 1925); United States v. Jones, 174 F.2d 746 (7th Cir. 1949).

■ The necessity for proof of venue does not, however, require an allegation of venue in the indictment itself. When presented with the issue the Court in Carbo v. United States, 314 F.2d 718 (9th Cir. 1963), cert. denied, 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498 (1964), stated as follows at page 733 of 314 F.2d:

> ■ It is also contended that the substantive counts relating to the threatening communications did not charge offenses since they failed to contain any allegation determining venue.

> ■ Rule 7(c) does not require venue to be pleaded. Since it is waivable, it is not an essential fact constituting the offense charged. *Defendants have the right to be tried in the proper forum, not the right to be charged with the proper venue.* (Emphasis Supplied)

To the same effect is Hemphill v. United States, 392 F.2d 45, 47 (8th Cir. 1968), where the Court commented:

> "Allegations of * * * venue are no more essential elements of an in-

dictment than the name of a purchaser [of narcotics]."

While we do not suggest that as a general practice we would countenance the lack of allegations of venue in an indictment, we do not consider that the failure to make such allegations of venue is sufficient to require a reversal and a new trial when the issue is first presented on the second appeal. As stated in Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 524, 69 L.Ed. 1036 (1925):

"Appellee stands in no better situation with respect to the failure to allege venue in the information. A mere failure to allege venue and thus to show affirmatively that the crime was committed within the territorial jurisdiction of the court, does not deprive the court of jurisdiction over the cause and the sufficiency of the indictment cannot be called in question upon *habeas corpus*. Even though *an indictment thus drawn might have been found defective upon demurrer or writ of error, it is not so fatal, upon its face, as to be open to collateral attack after trial and conviction*. United States v. Pridgeon, 153 U.S. 48, p. 59, 14 S.Ct. 746, 38 L.Ed. 631; and see State v. Egan, 44 S.D. 273, 277, 183 N.W. 652." (Emphasis Supplied)

Thus, if the failure to state venue had been presented to the trial court at the time of the first trial the trial court might well have been justified in dismissing Counts II and III of the Indictment. We do not consider the omission such as to justify attack at this stage of the proceedings.

■■■ The appellant Fritts asserts that it was error for the trial judge to deny his motion for a severance of his trial. This Court has ruled on this issue on more than one occasion, and has concluded that absent any unusual circumstances the matter of severance rests in the sound discretion of the trial judge, particularly where there is a charge of conspiracy as well as other counts of an indictment alleging substantive viola-

tions. United States v. Hensley, 374 F. 2d 341 (6th Cir. 1967) cert. denied, 388 U.S. 923, 87 S.Ct. 2139, 18 L.Ed.2d 1373 (1967); Opper v. United States, 348 U. S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). We find no abuse of discretion on the part of the trial court in this case.

■■■ Appellants urge that the fact that they were convicted on the conspiracy count bars conviction on the substantive counts of the indictment. The law is clearly to the contrary, Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); United States v. Bradley, 421 F.2d 924 (6th Cir. 1970).

■■■ Lastly, the appellants claim that this Court should reverse the convictions because of alleged unresponsive prejudicial answers to questions posed to Government witnesses. It should be pointed out that the answers in question were elicited on cross examination by defense counsel and not on direct examination by Government counsel. The examination of the Government witnesses by defense counsel was vigorous and when the answers are viewed in the context of the questions asked we are unable to conclude that there was any prejudice which might be described as "a demonstrable reality," Adams v. United States ex rel. McCann, 317 U.S. 269, 281, 63 S.Ct. 236, 87 L.Ed. 268 (1942). As stated in Barbara v. Johnson, 449 F.2d 1235, 1237 (6th Cir. 1971):

"The authorities also agree, particularly where the allegedly prejudicial evidence came through or was provoked by the defense, the burden of establishing that the accused was unfairly treated rests upon the accused. United States ex rel. Darcy v. Handy, 351 U.S. 454, 462, 76 S.Ct. 965, 100 L.Ed. 1331 (1956); Adams v. United States ex rel. McCann, 317 U.S. 269, 281, 63 S.Ct. 236, 87 L.Ed. 268 (1942); United States v. Rubino, 431 F.2d 284 (6th Cir. 1970). And as stated in United States ex rel. Darcy v. Handy, *supra*, 351 U.S. at page 462, 76 S.Ct. at page 970, *it is necessary*

' * * * that it [the burden of proof] be sustained not as a matter of speculation but as a demonstrable reality.' " (Emphasis Supplied).

We find no further errors which require discussion. On the entire record it appears that the appellants were given a fair trial on the facts in this case.

The judgments of the trial court are affirmed.