822 F.2d 60
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo RIVERA, Defendant-Appellant.
 No. 86-1149
 United States Court of Appeals, Sixth Circuit.
 July 6, 1987.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Rodolfo Rivera appeals from the judgment entered on his conviction for conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 846 (1982). Rivera raises two issues in this appeal. First, he contends that the indictment returned against him was constitutionally unsound. Second, he contends that the district court erred in denying his motion to suppress evidence obtained through wiretaps. Because we find both of these contentions to be without merit, we affirm the judgment entered on the conviction.
 
 
 2
 Rivera and five other persons were indicted by a federal grand jury on May 24, 1985. The indictments arose out of a federal investigation of a drug trafficking ring centered in Michigan. The investigation included the use of a wiretap authorized by District Court Judge James Harvey on June 14, 1983. The wiretap was placed on Frank and Maureen Demijohn's home telephone and eventually yielded tapes of forty-six intercepted phone calls. Rivera was a participant in seven of these calls, including one on July 22, 1983 in which he called Demijohn and expressed an interest in obtaining marijuana from him.
 
 
 3
 Following the return of the indictments, all five of Rivera's co-defendants pled guilty. Rivera pled not guilty and was brought to trial. Prior to trial, Rivera made a motion to suppress evidence obtained through the wiretap on the grounds that the affidavit submitted in support of the wiretap request did not comply with 18 U.S.C. Sec. 2518(1) (1982). The motion was denied. Rivera was convicted of the conspiracy charged in the indictment and sentenced to one year in prison. He now appeals.
 
 
 4
 Rivera first challenges the sufficiency of the indictment returned against him. He contends that the wording of the indictment was sufficient to properly apprise him of the charges against him and he was therefore unable to properly defend himself.
 
 The relevant part of the indictment reads:
 
 5
 That beginning approximately January of 1981, and continuing until approximately July 23, 1983, within the Eastern District of Michigan, Northern Division, Defendants herein, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree together and with other persons whose names are both known and unknown to the Grand Jury to commit an offense or offenses against the United States, that is, the attempt to possess with intent to distribute, to possess with intent to distribute and to distribute various quantities of marihuana, a Schedule I Controlled Substance, in violation of Sections 841(a)(1) and 846 of Title 21, United States Code.
 
 
 6
 It was part of said unlawful conspiracy that STEVEN WILLIAM BURGETT, JAMES LACKO, and Gerald Paul Mack, would supply Francis C. 'Frank' Demijohn with quantities of marihuana who would then supply RODOLFO 'RUDY' RIVERA, PATRICK J. SMITH, Allan Lee McChesmey, ROBERT W. CARIGAN and James C. Santino with quantities of marihuana.
 
 
 7
 App. 7-8. The indictment then listed the following relevant overt act:
 
 
 8
 8. On July 22, 1983, Francis C. 'Frank' Demijohn had a telephone conversation with RUDOLFO 'RUDY' RIVERA relating to the sale of marihuana.
 
 
 9
 App. at 9. 'The basic Constitutional standard by which to judge the sufficiency of an indictment is mandated by the Sixth Amendment which requires that the indictment inform the defendant of 'the nature and cause of the accusation." United States v. Piccolo, 723 F.2d 1234, 1238 (6th Cir. 1983) (en banc) (quoting U.S. Const., amend. VI) cert. denied, 466 U.S. 970 (1984). The Supreme Court has set forth the following test for determining the sufficiency of an indictment:
 
 
 10
 [F]irst, whether the indictment 'contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet," and, secondly, "in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."
 
 
 11
 Russell v. United States, 369 U.S. 749, 763-64 (1962) (citations omitted).
 
 
 12
 The key inquiry in this case is whether the indictment sufficiently informed Rivera of the charge against him. The Supreme Court has held that:
 
 
 13
 It is well settled that in an indictment for conspiring to commit an offense--in which the conspiracy is the gist of the crime--it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment for committing the substantive offense. In charging such a conspiracy 'certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary.'
 
 
 14
 Wong Tai v. United States, 273 U.S. 77, 81 (1927) (citations omitted). In accordance with this expression of the law, this court has held that when a person is charged with conspiring to violate a federal statute, the indictment is sufficient if it identifies the object offenses and refers to the specific statutory sections involved. United States v. Fruehauf Corp., 577 F.2d 1038, 1071 (6th Cir.) (citing Davis v. United States, 253 F.2d 24, 25 (6th Cir. 1958)) cert. denied, 439 U.S. 953 (1978).
 
 
 15
 Rivera contends that the indictment did not properly apprise him of the charges against him. He argues that 'from a reading of the indictment [he] was prepared to defend on the grounds that there was not a conspiracy, that what was charged was merely a seller-purchaser relationship between Demijohn and defendant.' This contention rings hollow upon a careful examination of the indictment. Although the indictment is not a model that we would recommend to any prosecutor, we are hard pressed to see how anyone charged in the indictment would not know that he had been charged with conspiracy. The indictment contains a citation to the specific section of the United States Code that Rivera conspired to violate. The indictment also recites each of the elements of the underlying substantive offenses, the allegation of the agreement between the conspirators, and a variety of overt acts, including specific reference to an act committed by Rivera in furtherance of the conspiracy. These allegations gave Rivera ample notice of the charges against him. Therefore, his first allegation of error must fail.
 
 II.
 
 16
 Rivera next contends that the district court erred in denying his motion to suppress evidence derived from the wiretap because the government's application failed to demonstrate the need for the wiretap. Section 2518(1)(c) of Title 18 provides that an application for a wiretap order must contain: 'a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.' Based upon a proper application, the court may grant the order if it determines that 'normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous.' 18 U.S.C. Sec. 2518(3)(c). This requirement was established to 'assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.' United States v. Kahn, 415 U.S. 143, 153 n.12 (1974). The government's burden of establishing compliance with Sec. 2518(1)(c) is 'not great.' See United States v. Anderson, 542 F.2d 428, 431 (7th Cir. 1976). The purpose of Sec. 2518(1)(c) 'is not to foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted, but simply to inform the issuing judge of the difficulties involved in the use of conventional techniques.' United States v. Pacheco, 489 F.2d 554, 565 (5th Cir. 1974), cert. denied, 421 U.S. 909 (1975).
 
 This court has recently noted that:
 
 17
 These provisions do not require that the police officials exhaust every conceivable non-wiretap investigative technique. All that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate.
 
 
 18
 United States v. Lambert, 771 F.2d 83, 91 (6th Cir.), cert. denied, 106 S.Ct. 598 (1985). The Lambert court went on to note that the requirements of Sec. 2518(1)(c) are satisfied when '[t]he affidavits in support of the wiretap application explai[n] in great detail that other investigative measures could not be reasonably used because of [the defendant's] extreme . . . suspicion that his activities were being monitored and the fact that alternative investigative procedures . . . would likely alert the subjects to the presence of the investigation.'
 
 
 19
 In United States v. Landmesser, 553 F.2d 17, 20 (6th Cir.), cert. denied, 434 U.S. 855 (1977); this court cautioned that 'a purely conclusory affidavit unrelated to the instant case and not showing any factual relations to the circumstances at hand would be . . . an inadequate compliance with the statute.' However, the court also observed that the mere fact that the affidavit rested in part on statements that would be equally applicable to almost any case of the type before it did not necessarily render it invalid. Id. This infirmity may be overcome if the government presents 'in addition . . . information about particular facts of the case at hand which would indicate that wiretaps are not being 'routinely employed as the initial step in [a] criminal investigation." Id. (quoting United States v. Giordano, 416 U.S. 505, 515 (1974)).
 
 
 20
 The issuing judge is given considerable discretion in determining whether other investigative methods might be successfully employed. Id. A court of appeals 'role on review of the sufficiency of a wiretap application is a limited one; it is 'not to make a de novo determination of sufficiency . . . but to decide if the facts set forth in the application were minimally adequate to support the determination that was made." United States v. Gerardi, 586 F.2d 896, 897 (1st Cir. 1978) (quoting United States v. Scibelli; 549 F.2d 222, 226 (1st Cir.), cert. denied 431 U.S. 960 (1977)).
 
 
 21
 In the instant case, the government provided a forty-page sworn affidavit by FBI Agent Ronald Dick in support of its application for the wiretap. The agent gave specific reasons demonstrating the need for the wiretap, stating that the FBI's informants had obtained all the information they were likely to obtain, that physical surveillance had been and would be of limited success, that a search warrant would likely only yield evidence against a few of the conspirators, that interviews and grand jury subpoenas would most likely alert the conspirators of the investigation without yielding any truthful information, and that the conspirators were too suspicious and too violent to permit outsiders safely to infiltrate the conspiracy. We have thoroughly reviewed Agent Dick's affidavit and conclude that it was sufficient to satisfy the government's obligation under Sec. 2518(1)(c). In his order authorizing the wiretap, Judge Harvey took specific notice of Agent Dick's affidavit and its explanation of why alternate means of investigation would be unlikely to succeed. This was sufficient to satisfy the court's duty under Sec. 2518(3)(c). See Lambert, 771 F.2d at 91.
 
 
 22
 Because the government's wiretap application fully complied with the requirements of 18 U.S.C. Sec. 2518(1)(c), the district court did not err in denying Rivera's motion to suppress evidence derived from the wiretap. Therefore, Rivera's second allegation of error must also fail.
 
 
 23
 Accordingly, the judgment entered on Rivera's conviction is AFFIRMED.